**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

PAUL THOMAS HENDRIX,

   Petitioner,

                                     CASE NO. 2:10-CV-14253

v.                                HONORABLE MARIANNE O. BATTANI
                                UNITED STATES DISTRICT COURT

HUGH WOLFENBARGER,

     Respondent,

_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

Paul Thomas Hendrix, ("Petitioner"), confined at the Macomb Correctional Facility in New Haven, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his application, filed by counsel Larry A. Smith, petitioner challenges his sentence for three counts of first-degree criminal sexual conduct, M.C.L.A. 750.520b(1)(a); and two counts of second-degree criminal sexual conduct, M.C.L.A. 750.520c(1)(a).  For the reasons stated below, the petition for writ of habeas corpus is **DENIED.**

### I. Background

Petitioner pleaded nolo contendere to the above offenses in the Oakland County Circuit Court.  On April 7, 2003, petitioner was sentenced to fifty to seventy five years in prison on the first-degree criminal sexual conduct

1

convictions, which constituted an upward departure from the minimum sentencing guidelines range of 135 months to 18 years.  At the time of petitioner's sentencing, the trial judge had received a number of letters from several family members and friends of petitioner, which accused him of numerous acts of sexual misconduct against children for which he had never been charged or convicted.

Petitioner moved to withdraw his nolo contendere plea or in the alternative for re-sentencing.  On April 16, 2004, the Oakland County Circuit Court judge denied the motion to withdraw the plea.  With respect to petitioner's request for re-sentencing, the judge provided petitioner's counsel with letters that had been sent to the court at the time of sentencing and ruled that petitioner should file an offer of proof which challenged the veracity of the letters reviewed by the judge in the course of its sentencing or otherwise indicate how the judge's decision was inappropriately affected by the letters. People v. Hendrix, Nos. 02-185883-FC/02-187092-FC (Oakland County Circuit Court, April 16, 2004).

The trial judge subsequently denied petitioner's request for a re-sentencing, because petitioner had failed to make an offer of proof which challenged the truth or the veracity of the letters which had been submitted to the court, even though he had been given an opportunity to do so.  The judge further ruled that petitioner had failed to establish that he had relied upon these letters at the time of sentencing. People v. Hendrix, Nos. 02-185883-FC/02-187092-FC (Oakland County Circuit Court, June 29, 2004).

2

Petitioner's sentence was affirmed on direct appeal. <u>People v. Hendrix</u>, No. 257591 (Mich.Ct.App. December 17, 2004); <u>lv. den.</u> 474 Mich. 1006; 708 N.W. 2d 105 (2006).

Petitioner then filed a post-conviction motion for relief from judgment, which the trial court denied. <u>People v. Hendrix</u>, Nos. 02-185883-FC/02-187092-FC (Oakland County Circuit Court, December 9, 2008).  The Michigan appellate courts denied petitioner leave to appeal. <u>People v. Hendrix</u>, No. 2290011 (Mich. Ct. App. March 13, 2009); <u>lv. den.</u> 485 Mich. 926; 773 N.W. 2d 673 (2009).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. The sentence imposed upon petitioner is in violation of the 5th and 6th Amendments and is unconstitutional.

II.  Petitioner was denied the effective assistance of counsel with regard to his sentencing and his initial appeal.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

3

(2)      resulted in a decision that was based on an
unreasonable determination of the facts in light of the
evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if

the state court arrives at a conclusion opposite to that reached by the Supreme

Court on a question of law or if the state court decides a case differently than the

Supreme Court has on a set of materially indistinguishable facts. Williams v.

Taylor, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs

when "a state court decision unreasonably applies the law of [the Supreme

Court] to the facts of a prisoner's case." Id. at 409.  A federal habeas court may

not "issue the writ simply because that court concludes in its independent

judgment that the relevant state-court decision applied clearly established

federal law erroneously or incorrectly." Id. at 410-11.

The Supreme Court has explained that "[A] federal court's collateral

review of a state-court decision must be consistent with the respect due state

courts in our federal system." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

The "AEDPA thus imposes a 'highly deferential standard for evaluating

state-court rulings,'and 'demands that state-court decisions be given the benefit

of the doubt.'" Renico v. Lett, 130 S.Ct. 1855, 1862 (2010)((quoting Lindh v.

Murphy, 521 U.S. 320, 333, n. 7 (1997); Woodford v. Viscotti, 537 U.S. 19, 24

(2002)(per curiam)).  "[A] state court's determination that a claim lacks merit

precludes federal habeas relief so long as 'fairminded jurists could disagree' on

4

the correctness of the state court's decision." <u>Harrington v. Richter</u>, 131 S.Ct. 770, 786 (2011)(citing <u>Yarborough v. Alvarado</u>, 541 U.S. 652, 664 (2004)).  The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." <u>Id.</u> ( citing <u>Lockyer v. Andrade</u>, 538 U.S. 63, 75 (2003).  Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. <u>Id.</u>

     "[I]f this standard is difficult to meet, that is because it was meant to be." <u>Harrington</u>, 131 S. Ct. at 786.  Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. <u>Id.</u>  Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." <u>Id.</u> (citing <u>Jackson v. Virginia</u>, 443 U.S. 307, 332, n. 5 (1979))(Stevens, J., concurring in judgment)).  Indeed, a "readiness to attribute error [to a state court]

5

is inconsistent with the presumption that state courts know and follow the law."
Woodford, 537 U.S. at 24.  Therefore, in order to obtain habeas relief in federal
court, a state prisoner is required to show that the state court's rejection of his
claim "was so lacking in justification that there was an error well understood and
comprehended in existing law beyond any possibility for fairminded
disagreement." Harrington, 131 S. Ct. at 786-87.

### III.  Discussion

#### A.  The procedural default issue.

Respondent contends that petitioner's claims are procedurally defaulted,
because he raised them for the first time in his post-conviction motion for relief
from judgment and failed to show cause for failing to raise these issues in his
appeal of right, as well as prejudice, as required by M.C.R. 6.508(D)(3).

In this case, petitioner claims that his appellate counsel was ineffective for
failing to raise his first claim on his direct appeal.  Ineffective assistance of
counsel may establish cause for procedural default. Edwards v. Carpenter, 529
U.S. 446, 451-52 (2000).  If petitioner could show that he received ineffective
assistance of appellate counsel that rose to the level of a Sixth Amendment
violation, it would excuse his procedural default for failing to raise his claims on
his direct appeal in the state courts. Seymour v. Walker, 224 F. 3d 542, 550 (6th
Cir. 2000).  Given that the cause and prejudice inquiry for the procedural default
issue merges with an analysis of the merits of petitioner's defaulted claims, it

6

would be easier to consider the merits of these claims. See Cameron v. Birkett,
348 F. Supp. 2d 825, 836 (E.D. Mich. 2004).  292.  Moreover, petitioner could
not have procedurally defaulted his ineffective assistance of appellate counsel
claim, because state post-conviction review was the first opportunity that he had
to raise an ineffective assistance of appellate counsel claim. See Guilmette v.
Howes, 624 F. 3d 286, 291 (6th Cir. 2010).

**B.  Claim # 1.  The sentencing claim.**

In his first claim, petitioner contends that the trial judge erred in departing
above the sentencing guidelines range on the basis of uncharged and unproven
allegations of sexual misconduct against other children.

To the extent that petitioner challenges the scoring of the sentencing
guidelines, he would not be entitled to habeas relief.  It is well-established that
"federal habeas corpus relief does not lie for errors of state law." Estelle v.
McGuire, 502 U.S. 62, 67 (1991)(quoting Lewis v. Jeffers, 497 U.S. 764, 780
(1990)).  Petitioner's claim that the state trial court incorrectly scored or
calculated his sentencing guidelines range under the Michigan Sentencing
Guidelines is not a cognizable claim for federal habeas review, because it is
basically a state law claim. See Howard v. White, 76 Fed. Appx. 52, 53 (6th Cir.
2003); See also Haskell v. Berghuis, 695 F. Supp. 2d 574, 598 (E.D. Mich.
2010).  "Petitioner has no state-created interest in having the Michigan
Sentencing Guidelines applied rigidly in determining his sentence." See Mitchell

7

v. Vasbinder, 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009)(citing Shanks v. Wolfenbarger, 387 F. Supp. 2d 740, 752 (E.D. Mich. 2005).  Petitioner's claim that the state trial court improperly departed above the sentencing guidelines range would thus not entitle him to habeas relief. Welch v. Burke, 49 F. Supp. 2d 992, 1009 (E.D. Mich. 1999); See also Drew v. Tessmer, 195 F. Supp. 2d 887, 889-90 (E.D. Mich. 2001).  "[I]n short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." Doyle v. Scutt, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Any error by the trial court in calculating his guideline score or in departing above his sentencing guidelines range alone would not merit habeas relief. Id.

Moreover, the trial court's failure to articulate adequate substantial and compelling reasons on the record for departing above the sentencing guidelines range, as required by M.C.L.A. 769.34(3), would not entitle petitioner to habeas relief, because the alleged violation of Michigan law is not a basis for habeas relief. See Jackson v. Hofbauer, No. 2008 WL 4937956, * 3 (E.D. Mich. November 13, 2008); See also Koras v. Robinson, 123 Fed. Appx. 207, 214 (6th Cir. 2005)(state trial judge's alleged failure to articulate the reasons for enhancing habeas petitioner's sentence, in violation of M.C.R. 6.425 and Michigan case law, did not present a basis for federal habeas corpus relief).

To the extent that petitioner contends that the letters that were submitted to the trial judge contained inaccurate information, he is not entitled to habeas

8

relief.  A criminal defendant possesses a constitutional right not to be sentenced on the basis of "misinformation of constitutional magnitude." Roberts v. United States, 445 U.S. 552, 556 (1980) (quoting United States v. Tucker, 404 U.S. 443, 447 (1972)); see Townsend v. Burke, 334 U.S. 736, 741 (1948)(stating that reliance on "extensively and materially false" information, which the prisoner had no opportunity to correct, violates due process of law).  In order to prevail on a claim that a trial court relied on inaccurate information at sentencing, a habeas petitioner must demonstrate that the sentencing court relied upon this information and that it was materially false. See Collins v. Buchkoe, 493 F. 2d 343, 345-346 (6th Cir. 1974); Welch v. Burke, 49 F. Supp. 2d at 1007.  Where a petitioner fails to demonstrate in his or her petition that the sentencing court relied upon materially false information in imposing sentence, this claim is without merit. Thomas v. Foltz, 654 F. Supp. 105, 108 (E.D. Mich. 1987).

In the present case, petitioner has failed to present any information to either the state courts or to this Court to establish that any of the information in the letters that had been submitted to the state trial court concerning uncharged allegations of sexual misconduct was false or inaccurate, even though he was given an opportunity to do so by the state trial judge.  Because petitioner has failed to show that the factors considered by trial court at sentencing were materially false or improperly considered, he is not entitled to habeas relief on this claim. See Barber v. Birkett, 276 F. Supp. 2d 700, 714 (E.D. Mich. 2003).

9

Petitioner further alleges that the trial court judge violated his Sixth Amendment right to a trial by jury by using factors that had not been submitted to a jury and proven beyond a reasonable doubt when scoring his sentencing guidelines.

In Blakely v. Washington, 542 U.S. 296 (2004), the U.S. Supreme Court held that other than the fact of a defendant's prior conviction, any fact that increases or enhances a penalty for a crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. Id. at 301 (citing Apprendi v. N.J., 530 U.S. 466, 490 (2000)).

Petitioner is not entitled to habeas relief on his claim.  Blakely involved a trial court's departure from Washington's determinate sentencing scheme. Michigan, by contrast, has an indeterminate sentencing system in which the defendant is given a sentence within a minimum and maximum sentence. See People v. Claypool, 470 Mich. 715, 730, n. 14, 684 N.W.2d 278 (Mich. 2004); People v. Drohan, 475 Mich. 140, 160-61, 715 N.W.2d 778 (Mich. 2006)(both citing M.C.L.A. 769.8).  "[M]ichigan's sentencing guidelines, unlike the Washington guidelines at issue in Blakely, create a range within which the trial court must set a minimum sentence." Drohan, 475 Mich. at 161.  Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. See People v. Babcock, 469 Mich. 247, 255, n. 7, 666 N.W.2d 231 (Mich. 2003) (citing M.C.L.A. 769.34(2)).  Under

10

Michigan law, the trial judge sets the minimum sentence, but can never exceed the maximum sentence. Claypool, 470 Mich. at 730.  Therefore, Michigan's indeterminate sentencing scheme is unaffected by the U.S. Supreme Court's holding in Blakely.  Drohan, 475 Mich. at 164. [1]

The holding in Blakely is inapplicable to petitioner's sentence. Indeterminate sentencing schemes, unlike determinate sentencing schemes, do not infringe on the province of the jury. Blakely, 542 U.S. at 304-05, 308-09.  The Supreme Court clarified this in Cunningham v. California, 549 U.S. 270 (2007), when the Supreme Court explained that states may retain determinate sentencing by requiring the jury "to find any fact necessary to the imposition of an elevated sentence" or by allowing judges "to exercise broad discretion . . . within a statutory range, which everyone agrees, encounters no Sixth Amendment shoal." Id. at 294. (quoting United States v. Booker, 543 U.S. 220, 233 (2005)); See also Harris v. United States, 536 U.S. 545, 565 (2002)("[w]hether chosen by the judge or the legislature, the facts guiding judicial discretion below the statutory maximum need not be alleged in the indictment, submitted to the jury, or proved beyond a reasonable doubt" and the judge "may impose the minimum, the maximum, or any other sentence within the range

---

[1]  Moreover, under Michigan law, where the maximum sentence for a crime is life imprisonment, as is the case with the first-degree criminal sexual conduct charges that petitioner was convicted of, a jury verdict in such a case would authorize a life sentence, thus, any sentence would be within the range authorized by that verdict.  Therefore, a "trial court may utilize judicially ascertained facts to sentence a defendant to a term up to life imprisonment when life is the maximum sentence." Drohan, 475 Mich. at 162, n. 14.

without seeking further authorization from those [grand and petit] juries-and without contradicting Apprendi."), and Id. at 569-70 (Breyer, J., concurring)(agreeing that "Apprendi does not apply to mandatory minimums.").

The holdings in Apprendi and Blakely therefore do not apply to a judge's factfinding that increases a minimum sentence so long as the sentence does not exceed the applicable statutory maximum. See Chontos v. Berghuis, 585 F.3d 1000, 1002 (6th Cir. 2009); See also Montes v. Trombley, 599 F.3d 490, 495 (6th Cir. 2010)(the Blakely-Apprendi rule requiring any fact that increases the penalty for a crime beyond the prescribed statutory maximum to be submitted to a jury and proved beyond a reasonable doubt does not apply to laws that set the maximum sentence by statute but that permit a judge to determine the minimum sentence through judicial factfinding, and does not preclude a judge from utilizing the preponderance-of-the-evidence standard when finding facts related to sentencing).  As noted by the Sixth Circuit, "[T]he Sixth Amendment gives a criminal defendant the right to have a jury find any fact that increases the *maximum* sentence the defendant faces, not any fact that increases the *minimum* sentence." Arias v. Hudson, 589 F.3d 315, 317 (6th Cir. 2009)(citing McMillan v. Pennsylvania, 477 U.S. 79 (1986))(emphasis original).  Indeed, "[B]y clarifying that minimum sentences fall outside *Apprendi's* scope, *Harris* forecloses [petitioner's] claim." Chontos, 585 F. 3d at 1002.  The Sixth Amendment jury trial right merely "ensure[s] that the defendant 'will never get

12

more punishment than he bargained for when he did the crime'"; it does "not promise that he will receive 'anything less' than that." Id. (quoting Harris, 536 U.S. at 566 (quoting Apprendi, 530 U.S. at 498)(Scalia, J., concurring)).

Moreover, the recent Supreme Court case of *United States v. O'Brien,* 130 S. Ct. 2169 (2010), does not help petitioner.  In *O'Brien,* the Supreme Court held that under 18 U.S.C. § 924(c), the statute prohibiting the use or carrying of a firearm in relation to a crime of violence or drug trafficking crime, the fact that the firearm was a machine gun, which would increase the mandatory minimum sentence from five to thirty years in prison, was an element of the offense to be proved to the jury beyond a reasonable doubt, rather than a sentencing factor. *Id.* at 2180.  There is nothing in the opinion to indicate that the decision in *O'Brien* was to be applied retroactively.  More importantly, at the time the judge imposed petitioner's sentence, "the Supreme Court treated judicial fact-finding differently depending on whether it affected the minimum sentence faced by a defendant or the maximum sentence for which the defendant was eligible." Arias, 589 F. 3d at 318.  At the time of petitioner's sentence, McMillan and Harris were good law and both cases allowed judicial fact-finding that increased a defendant's minimum sentence. Id.  Moreover, subsequent to the O'Brien case, the Sixth Circuit has at least twice rejected claims brought by habeas petitioners that the scoring of factors under the Michigan Sentencing Guidelines, which increased their minimum sentences, violated the petitioner's Sixth Amendment

13

right to a jury trial. See  Coleman v. Curtin, No. 2011 WL 2192629, * 2 (6th Cir.

June 6, 2011); Dalgliesh v. McKee, No. 2011 WL 1211545, * 3 (6th Cir. April 1,

2011).  As the Sixth Circuit observed in Arias:

> Because the courts have not treated Blakely or United States v.
> Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), as
> changes in law that should be applied retroactively to cases whose
> direct appeal concluded before their announcement, we see little
> prospect that the courts will apply any such (potential) change in the
> law retroactively to Arias. Cf., e.g., Duncan v. United States, 552 F.3d
> 442, 447 (6th Cir.2009)(holding that Booker does not apply
> retroactively to cases pending at the time of Blakely ).
>
> Arias, 589 F. 3d at 318.

When petitioner violated the first-degree criminal sexual conduct statute,

he bargained that if a jury found him guilty, that he could face up to life in prison.

Therefore, "regardless of the ways that judicial factfinding and Michigan's

guidelines affected his minimum sentence," petitioner "got no more than he

bargained for." Chontos, 585 F.3d 1002.  Because Michigan's sentencing laws

create an indeterminate-sentencing scheme, it does not violate petitioner's due-

process rights or his right to a jury trial. Montes, 599 F. 3d at 497.  Petitioner is

not entitled to habeas relief on any Blakely claim. Id.

Finally, to the extent that petitioner claims that his sentence violates his

rights under the Fifth Amendment, the Fifth Amendment right to presentment has

never been held applicable to the states. Apprendi, 530 U.S. at 477, n. 3.

Petitioner is not entitled to habeas relief on his first claim.

14

**C.  Claim # 2.  The ineffective assistance of counsel claim.**

Petitioner next contends that both trial and appellate counsel were ineffective for failing to argue, either at the time of sentence, or on petitioner's direct appeal, that the sentence imposed violated his Sixth Amendment right to a jury trial.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test.  First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. Strickland v. Washington, 466 U.S. 668, 687 (1984).  In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. Id. In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. Strickland, 466 U.S. at 689.  Second, the defendant must show that such performance prejudiced his defense. Id.  To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.  The Strickland standard applies as well to claims of ineffective assistance of appellate counsel. See Whiting v. Burt, 395 F. 3d 602, 617 (6th Cir. 2005).  The Supreme Court's holding in Strickland

15

places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. See Wong v. Belmontes, 130 S. Ct. 383, 390-91 (2009).

Because the holding in Blakely is inapplicable to Michigan's indeterminate sentencing scheme, trial counsel was not ineffective for failing to object to the scoring of the sentencing guidelines on this basis, nor was appellate counsel ineffective for failing to raise a Blakely challenge on petitioner's direct appeal. See Rupert v. Berghuis, 619 F. Supp. 2d 363, 371 (W.D. Mich. 2008). Petitioner is not entitled to habeas relief on his second claim.

### IV.  Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's

16

2:10-cv-14253-MOB-MJH   Doc # 7   Filed 06/29/11   Pg 17 of 17   Pg ID 791

assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.

"The district court must issue or deny a certificate of appealability when it enters

a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule

11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a

certificate of appealability because he has failed to make a substantial showing

of the denial of a federal constitutional right. See <u>Millender v. Adams</u>, 187 F.

Supp. 2d 852, 880 (E.D. Mich. 2002).

**V. <u>ORDER</u>**

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of

Habeas Corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**


s/Marianne O. Battani
**HONORABLE MARIANNE O. BATTANI**
**Dated: <u>June 29, 2011</u>**            **UNITED STATES DISTRICT JUDGE**


<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the above date a copy of this Opinion and Order was served upon the Petitioner, Paul Thomas Hendrix via ordinary U.S. Mail and Counsel for the Respondent, electronically.

s/Bernadette M. Thebolt
Case Manager

17